UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"

**DAVID BURNS,**
    **Plaintiff,**

vs.

**CONTINENTAL CASUALTY COMPANY,**
    **a foreign corporation.**
_____/

## COMPLAINT

Plaintiff, DAVID BURNS (hereinafter, "BURNS"), by and through undersigned counsel hereby sues CONTINENTAL CAUSALITY COMPANY (hereinafter, "CNA"), and alleges:

## JURISDICTION

1. DAVID BURNS entered into a maritime contract for marine insurance with CNA. *See*, Declarations Page & Marine Insurance Policy, attached hereto and marked Exs. "A" & "B" respectively.

2. This Court has original subject matter jurisdiction over this dispute under Article III Section 2 of the United States Constitution, 28 U.S.C. § 1331, 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h) as it arises from a breach of the aforementioned marine insurance contract.

3. This Court has supplemental subject matter jurisdiction under 28 U.S.C. § 1367 over all claims arising under state law which are related to, or form part of, the same case or controversy as that of the breach of marine insurance contract claim for which this Court has original subject matter jurisdiction.

4. CNA personally and/or through agents such as BOAT/U.S., INC. engages in continuous, systematic, substantial and not isolated activity within the State of Florida and the jurisdictional

limits of the Miami Division of the United States District Court for the Southern District of Florida.

5. This Court has personal jurisdiction over CNA and venue if proper.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

6. BURNS, though CNA's agent BOAT/U.S., INC., entered into an all risks marine insurance contract bearing policy number 3063106-09 for the 1985 35 foot Viking Cruiser named "OFF CALL" bearing hull identification number VKY35546E585 with CNA. *See*, Ex. "A".

7. BURNS executed the marine insurance contract in Rhode Island.

8. The subject marine insurance contact's policy period is from June 16, 2009 to June 16, 2010. *See*, Ex. "A".

9. On August 1, 2009, while under normal operation, the insured vessel, OFF CALL, suffered an accidental, fortuitous and catastrophic engine loss.

10. The proximate, efficient and/or concurrent cause of the loss was the improper installation of a block heater element/freeze plug.

11. At the time of the loss, BURNS took all necessary steps to protect the vessel and its equipment from future loss including consulting a marine engine mechanic.

12. BURNS provided immediate notification of the loss and its circumstances to CNA.

13. BURNS made a claim under the marine insurance contract to repair or replace the damaged engine/machinery caused by the subject loss.

## COUNT I
## (BREACH OF MARINE INSURANCE CONTRACT)

BURNS re-alleges all allegations numbered 1 through 13 as if fully alleged herein and further alleges:

14. The subject all risks marine insurance contract does not exclude losses due to improper installation of machinery/components. As such, the improper installation of a block heater element/freeze plug is a covered loss under the subject marine insurance contract. *See*, Ex. "B".

15. The improper installation of the block heater element/freeze plug caused significant damage to the vessel's engine and machinery.

16. Despite being notified of the covered loss, CNA denied BURNS' claim.

17. CNA's denial of BURNS' claim constitutes a material breach of the subject marine insurance contract.

18. Due to CNA's breach of the marine insurance contract, BURNS suffered damages in the amount of the repair/replacement costs of the engine/machinery damaged or lost.

**WHEREFORE**, BURNS demands judgment for money damages equivalent to that of the repair/replacement costs of the engine/machinery damaged or lost plus prejudgment interest and taxable costs.

## COUNT II
## (VIOLATION OF RHODE ISLAND GENERAL LAW § 9-1-33 (2009) – INSURER'S BAD FAITH REFUSAL TO PAY CLAIM MADE UNDER ANY INSURANCE POLICY)

BURNS re-alleges all allegations numbered 1 through 18 as if alleged herein and further alleges:

19. As related to/or part of the same case arising from the breach of marine insurance contract claim, BURNS alleges a claim under Rhode Island General Law § 9-1-33 (2009).

20. CNA did not have an objectively reasonable basis to deny BURNS' claim and CNA denied BURNS' claim despite having knowledge, or in reckless disregard, of the lack of a reasonable basis for denying the claim.

21. CNA wrongfully, and in bad faith, refused to pay BURNS' claim pursuant to the provisions of the marine insurance contract, or otherwise wrongfully, and in bad faith, refused to timely perform its obligations under the marine insurance contract.

22. As a consequence of wrongfully denying BURN'S insurance claim in bad faith, CNA violated Rhode Island General Law § 9-1-33 (2009).

23. As a result of CNA's wrongful denial of his marine insurance claim, BURNS retained Brais & Associates, P.A. to represent him in his depute with CNA has incurred and will continue to incur attorney fees.

**WHEREFORE**, BURNS demands judgment for all compensatory damages, punitive damages, and reasonable attorney fees awardable under R.I. Gen. Laws § 9-1-33 (2009) arising from the denial to pay his marine insurance claim as well as prejudgment interest and taxable costs.

**Respectfully submitted on this 14th day of January, 2010.**

BRAIS & ASSOCIATES, P.A.
*Counsel for David Burns*
New World Tower
100 North Biscayne Blvd., Suite 800
Miami, Florida 33132
Telephone: 305-416-2901
Facsimile: 305-416-2902

By:  *s./ RICHARD D. RUSAK*
       KEITH S. BRAIS
       Florida Bar No.: 0863319
       RICHARD D. RUSAK
       Fla. Bar No.: 0614181